**Patricia Ann PREWITT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41508.**

Missouri Court of Appeals,
Western District.

Oct. 3, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

James R. Wyrsch, Michael P. Joyce, Koenigsdorf & Wirsch, Kansas City, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Patricia Ann Prewitt was convicted of capital murder, § 565.001, RSMo 1978, and was sentenced to life imprisonment without eligibility of probation or parole for fifty years. That conviction was affirmed by this court in *State v. Prewitt*, 714 S.W.2d 544 (Mo.App.1986).

Prewitt filed a motion pursuant to Rule 29.15 seeking to vacate her conviction. The trial court denied the motion and Prewitt appeals. Affirmed.

Prewitt first contends that her motion should have been sustained because her constitutional rights were violated when the bailiff told the jury, during its deliberations, that the court had said that the jury should try harder. This was in response to a question the jury had raised concerning their split in voting and a request to speak with the judge. Prewitt also alleges that her constitutional rights were violated because the State failed to disclose a statement made by Ethel Stevens concerning a car she had seen parked on a little used road near the Prewitt residence on the night of the murder.

■ Prewitt concedes that both of these issues were raised as trial error on the direct appeal and that both issues were resolved against her. *Id.* at 548–50. Prewitt attempts to avoid the rule that a 29.15 motion may not be used as a second appeal for issues raised and decided in the direct appeal by couching these claims in terms of a constitutional violation. This attempt runs squarely into *O'Neal v. State*, 766 S.W.2d 91, 92[1] (Mo. banc 1989), when the court held that issues decided in the direct appeal may not be relitigated in a post-conviction proceeding even though "cloaked in a different theory." Here this court held that the bailiff's communication to the jury, and the failure to reveal the Stevens' statement, were not error. Prewitt cannot relitigate those issues under the different cloak of constitutional rights.

■ Prewitt further contends that she received ineffective assistance of counsel because her counsel failed to investigate whether or not he should obtain a report from a pathologist. Counsel read the reports of two pathologists which the State had obtained. Prewitt contends that counsel should have investigated to learn if a third pathologist should have been consulted. In *Kretzer v. State*, 612 S.W.2d 70, 72[1, 2] (Mo.App.1981), this court held that

a charge of inadequate investigation on the part of counsel:

> ... must be supported by allegations of specific information which was not discovered, that reasonable investigation would have disclosed the information and that the material so discovered would have benefited the movant in a defense of the charge.

Here, there was no allegation of specific information which was not discovered, that reasonable investigation would have disclosed such information, and that such material would have benefited the defense. The charge of failure to investigate is based on wishful thinking rather than any allegation of specific information which was not discovered.

Prewitt further contends that counsel failed to investigate to determine if an expert on pry marks should have been retained to study pry marks found on a door of the Prewitt home. This point suffers the same infirmity as the point concerning the pathologist.

■ Prewitt next contends that counsel was ineffective for failing to make a reasonable investigation to have located Ethel Stevens prior to trial. It should first be noted that this court, on the direct appeal, held that the statement of Stevens would not have yielded a different result, even if it had been presented to the jury. *Id.* at 550[6].

Further, this issue was not alleged as a ground for relief in the motion, and counsel now seeks to file an amended motion in this court in order to raise such issue.

Rule 29.15(f) provides for the filing of an amended motion but reading 29.15(f) in conjunction with 29.15(e) it is clear that the rule contemplates the filing of an amended motion in the trial court and not in an appellate court. It is also requested that this cause be remanded to the trial court for hearing on the new issue to be raised in the amended motion. If amended motions were permitted to be filed in an appellate court to cover issues which come to mind after a ruling in the trial court, final disposition of post-conviction motions would be postponed indefinitely by remands for hearing on newly raised matters. Leave to file the amended motion in this court is denied.

The judgment denying relief under Rule 29.15 is affirmed.

All concur.