Dennis J. Owens, Kansas City, Mo., for appellant.

Peter M. Ossorio, Kansas City, Mo., argued, for appellee; Jean Paul Bradshaw, II, and Peter M. Ossorio, Kansas City, Mo., on the brief.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and HANSON,* Senior District Judge.

ROSS, Senior Circuit Judge.

Stacey Thomas appeals his conviction of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. We affirm.

Stacey Thomas, a former Kansas City Police Officer, was the target of an investigation involving his drug-related activities. Two "controlled buys" were arranged whereby a police informant was provided with a transmitter and a recorder in order to tape record the transactions. On July 25 and 27, 1989, the wired informant went to Thomas' house, and on each occasion purchased five ounces of crack cocaine for $4,500 cash. The transactions took place in Thomas' bedroom, with the same four men present during each transaction: Thomas, the informant, Darryl Nimrod (Thomas' cousin) and Anton Groves.

Following the second buy, the police arrested Thomas and executed a search warrant on his house, where the officers recovered $100 of the buy money and a triple

UNITED STATES of America, Appellee,

v.

Stacey M. THOMAS, Appellant.

No. 90–1202.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1991.

Decided Aug. 8, 1991.

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

beam scale. Thomas was charged with one count of conspiracy to distribute cocaine and two counts of possession with intent to distribute. The jury found Thomas guilty of the conspiracy count.

During Thomas' trial, there was some controversy concerning the admissibility of the two tapes of the July transactions. The quality of the tapes was somewhat poor and so, prior to trial, the tapes were sent to the Kansas City FBI office to see if the quality could be enhanced. The Kansas City FBI had little success in improving the tapes, so the tapes were sent to the FBI in Washington, D.C. to undergo more sophisticated enhancement. (This second enhancement was also done prior to trial.) This second effort was more successful.

Thomas now claims that he was denied due process under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because the prosecution did not give notice of the successfully enhanced tapes, nor did it disclose those tapes to the defense. We reject this position for several reasons. First, the successfully enhanced tapes were never played for the jury. Only the original tapes were played for the jury and each party was allowed to provide partial transcripts. The jury was instructed to consider only the tapes as evidence and not the transcripts.

Second, the record indicates that the day before trial, Thomas had actual notice of the successfully enhanced tapes and had obtained copies of those tapes from his brother's counsel (Thomas' brother was also implicated in the drug activities). *See United States v. Masters,* 840 F.2d 587, 591–92 (8th Cir.1988), (admission of undisclosed portion of videotape was generally duplicative of other recordings and transcripts previously disclosed to defendants; therefore, introduction of the missing segment of videotape which government had inadvertently failed to copy for defense counsel did not so prejudice defendants that it denied them of a fair trial).

Third, even under *Brady,* which Thomas cites to support his position, Thom-

as' argument must fail. As this court recently discussed in *Cornell v. Nix,* 921 F.2d 769, 770 (8th Cir.1990), a successful *Brady* claim requires three findings: (1) the prosecution suppressed the evidence, (2) the evidence was favorable to the accused, and (3) the evidence was material to the issue of guilt. Here, the second requirement is not met. Thomas admits in his brief that the evidence contained in the successfully enhanced tapes was not favorable to his defense; indeed, the tapes contained some very incriminating evidence. The third requirement also fails. In the context of the third element, "material" means that there exists a reasonable probability that had the evidence been disclosed to the defense, the result would have been different. *Id.* at 770. Here, there is simply no evidence indicating that the proceeding would have been any different had the successfully enhanced tapes been given to the defendant at an earlier time.

For the aforementioned reasons, Thomas' conviction is affirmed.