BEAM, Circuit Judge.
Patricia Ann Prewitt, a Missouri prisoner, appeals an order entered in the district court[1] denying her 28 U.S.C. § 2254 petition for writ of habeas corpus. For reversal, Prewitt argues that (1) during jury deliberations, the bailiff had ex parte communications with the jury which violated her constitutional rights to confrontation and to a fair trial, (2) the state denied her *1075 due process by withholding evidence after Prewitt made specific requests for discovery, and (3) her trial counsel was constitutionally ineffective. For the following reasons, we affirm the decision of the district court.
I. BACKGROUND
Prewitt was convicted by a jury in the Circuit Court of Pettis County, Missouri, for the 1984 murder of her husband. Following the verdict, Prewitt moved for a new trial. After an evidentiary hearing, the circuit court denied Prewitt’s motion. Prewitt’s conviction was affirmed by the Missouri Court of Appeals in State v. Prewitt, 714 S.W.2d 544 (Mo.Ct.App.1986). She is currently serving a sentence of life imprisonment without possibility of probation or parole for fifty years.
On February 11, 1988, Prewitt filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri. The court dismissed Prewitt’s petition without prejudice to enable her to exhaust state remedies. Prewitt then filed a motion seeking post-conviction relief in the Circuit Court of Pettis County, Missouri, under Rule 29.15 of the Missouri Rules of Criminal Procedure. The circuit court held a second evidentiary hearing on November 14, 1988. On December 8, 1988, the circuit court denied Prewitt post-conviction relief. Prewitt v. State, No. CY488-352CC Findings of Fact and Conclusions of Law (Circuit Court of Pettis County, Missouri, Dec. 8, 1988). The judgment denying state post-conviction relief was affirmed on appeal. Prewitt v. State, 781 S.W.2d 92 (Mo.Ct.App.1989).
On April 6, 1990, Prewitt filed the present petition for habeas corpus relief in the district court under 28 U.S.C. § 2254. She asserts substantially the same grounds for relief as those raised in her state Rule 29.15 motion. On August 19, 1991, the district court entered an order denying Prewitt’s request for a writ of habeas corpus. Prewitt v. Goeke, No. 90-0339-CV-W-9 Order, 1991 WL 220273 (W.D.Mo. Aug. 19,1991). On December 26, 1991, the district court entered an order granting Prewitt’s motion for issuance of a certificate of probable cause for appeal under 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure. This appeal followed.
II. DISCUSSION
A. Ex Parte Communications With The Jury
Prewitt first argues that during deliberations, the bailiff had ex parte communications with the jury, thereby violating her federal constitutional rights to due process and to confront witnesses. At the state court hearing on Prewitt’s motion for a new trial, the parties stipulated that:
During deliberations the jury orally informed the bailiff that they were split and asked if they could speak to the Judge. (Although the officer herein referred to as bailiff was not the Court’s bailiff but a deputy assisting him, the deputy was fulfilling the function as bailiff, and for reasons of communication, is referred to as such.)
Prior to counsel’s reaching chambers, the court directed the bailiff to inform the jury that they could not speak with the Court and that they should continue their deliberations. This directive was also oral.
The bailiff went to the jury room where he modified the Court’s direction by stating: “the Judge says try harder.” This statement was made to the jury panel in the jury room as they were deliberating.
Appendix at 83. Prewitt argued in state court that the bailiff’s ex parte communication entitled her to a new trial because it had a coercive effect on jury members. She argues here that this coercive effect violated her federal constitutional rights.
In ruling on Prewitt’s motion, the state circuit court considered the weight of the evidence against Prewitt, the fact that the jury was polled immediately after the verdict, and the length of deliberations before and after the statement was made. The circuit court found “nothing in the present case that suggests that the jurors were in *1076 fact coerced to reach a guilty verdict because they were told to try harder.” State v. Prewitt, No. CR484-5F Ruling on Defendant’s Motion for New Trial at 5 (Circuit Court of Pettis County, Missouri, May 31, 1985). The circuit court’s findings were affirmed on appeal. State v. Prewitt, 714 S.W.2d 544, 549 (Mo.Ct.App.1986). Relying on the state court’s finding that the bailiff’s ex parte communication did not have a coercive effect on the jurors, the district court held that the bailiff’s remarks did not deprive Prewitt of a fair trial and did not violate her rights under the Fifth, Sixth, and Fourteenth Amendments. Prewitt v. Goeke, No. 90-0339-CV-W-9 Order at 16, 1991 WL 220273 (Aug. 19, 1991).
Prewitt contends that the district court erred in relying on the state court’s findings because the issue of jury coercion is a mixed question of law and fact and because she did not receive a full, fair, and adequate hearing in the state court. Prewitt argues that she was denied an adequate hearing because at both the hearing on her motion for a new trial and at the hearing on her Rule 29.15 motion for collateral review the state court ignored a second statement allegedly made by the bailiff during deliberations. Two of five juror affidavits appended to Prewitt’s motion for a new trial report that in addition to the bailiff’s first statement, the jury foreman told the jurors that the bailiff said that the judge said that if they did not reach a verdict they would have to deliberate all night.
On habeas review, state court factual findings must be presumed correct under 28 U.S.C. § 2254(d).[2] The section 2254(d) presumption of correctness frees the federal courts in habeas corpus actions from the responsibility of retrying factual issues that are more aptly determined by state courts in the first instance. Mixed determinations of law and fact are not entitled to the section 2254(d) presumption in federal habeas corpus actions. Cuyler v. Sullivan, 446 U.S. 335, 342, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980). The presumption is reserved for questions which turn on “determinations of demeanor and credibility that are peculiarly within a trial judge’s province.” Wainwright v. Witt, 469 U.S. 412, 428, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985).
The Supreme Court has addressed the issue of deference to state court findings on ex parte communications with the jury and held that “[t]he substance of the ex parte communications and their effect on juror impartiality are questions of historical fact entitled to this [28 U.S.C. § 2254(d)] presumption.” Rushen v. Spain, 464 U.S. 114, 120, 104 S.Ct. 453, 456, 78 L.Ed.2d 267 (1983) (per curiam) (second emphasis added). It is a short step to extend this holding from determinations of juror impartiality to determinations of juror coercion. We decline Prewitt’s invitation to join the Ninth Circuit in splitting hairs to evade the Supreme Court’s holding. See Marino v. Vasquez, 812 F.2d 499, 504 (9th Cir.1987). The trial judge has the opportunity to observe the jurors throughout trial and to observe the jurors while they are polled after the verdict. We agree with the Fifth Circuit that the trial judge is in a unique position to appraise the prejudicial effect of ex parte communications on the jury. Young v. Herring, 938 F.2d 543, 558 n. 8 (5th Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992). Thus, the factual issue of whether jurors were coerced into a decision by ex parte communications “must be determined, in the first instance, by state courts and deferred to, in the absence of ‘convincing evidence’ to the contrary, by the feder *1077 al courts.” Rushen, 464 U.S. at 120, 104 S.Ct. at 456 (citation omitted). The district court did not err in applying section 2254(d) in the present case.
Prewitt argues that even if section 2254(d) applies to determinations of jury coercion generally, the district court erred in according the presumption of correctness to the state court’s findings in her case because the state court ignored the bailiffs alleged statement that the jury would have to deliberate all night if they did not reach a decision. The presumption of correctness on habeas review does not apply to state court factual findings if “the applicant did not receive a full, fair, and adequate hearing in the State court proceeding.” 28 U.S.C. § 2254(d)(6). According to Prewitt, the state court denied her a full, fair, and adequate hearing by failing to consider the two juror affidavits alleging that the bailiff said the jury would have to deliberate all night. She further contends that this statement violated her constitutional rights as a matter of law.
We do not reach' the merits of Prewitt’s claim because we find that it is procedurally barred. A claim not raised in the state courts will not be considered by a federal habeas court unless the petitioner can demonstrate cause for her previous failure to raise the claim and prejudice. See Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977).
Although Prewitt appended the juror affidavits in question to her motion for a new trial, she did not mention the bailiff’s alleged statement that the jury would have to stay all night in the motion itself. At the evidentiary hearing on the motion for a new trial, the parties stipulated facts about the bailiffs statement to the jury. The stipulated facts did not contain the statement alleged here. In her Rule 29.15 motion for state collateral review, Prewitt alleged that the “try harder” statement violated her constitutional rights, but did not mention any statements by the bailiff about the jury staying all night. Prewitt did not present any new evidence on the issue at the Rule 29.15 evidentiary hearing. The first time Prewitt made any allegation about the “stay all night” statement was in her brief on appeal from the denial of Rule 29.15 relief — after the two evidentiary hearings on the bailiff’s statements to the jury had been concluded. It is therefore not surprising that the state court did not address Prewitt’s claim in either of the two post-verdict proceedings.
The Missouri Rules of Criminal Procedure require that allegations of error occurring after a case is submitted to the jury be specifically set out in a motion for a new trial in order to preserve the error for review. Mo.R.Crim.P. 29.11(d). The Missouri rules also require motions for collateral review to contain every ground known to the movant for correcting the original judgment. Id. at 29.15(d). In fact, a Rule 29.15 movant must verify, and Prewitt did verify, that she listed in her motion all known grounds for relief and that she waives any grounds not listed that are known to her. Id.; Prewitt v. State, No. CV 488-352CC Motion Pursuant to Rule 29.15 at 8 (Circuit Court of Pettis County, Missouri, June 14, 1988). Thus, even though Prewitt raised the issue in her appeal of the denial of her Rule 29.15 motion, the issue was not properly before the Missouri Court of Appeals. While it might have been preferable for the Missouri Court of Appeals to explain that the claim was barred rather than ignore the issue, the state court’s omission does not lift the procedural bar on habeas.
Ordinarily, after determining that a claim was not properly raised in the state courts, we would remand to afford the petitioner a hearing to demonstrate either cause for the default and actual prejudice as a result of the alleged constitutional violation, or that a failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, — U.S. —, —, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). In this case, however, remand is unnecessary because it is not possible for Prewitt to show cause for her default and because we find that the bailiff’s ex parte communications to the *1078 jury did not result in a fundamental miscarriage of justice.
To show cause, a petitioner must demonstrate some external impediment— such as unavailability of the factual basis for a claim — which prevented her from raising a claim in state court. McCleskey v. Zant, — U.S. —,—, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). In this case, Prewitt had access to the two affidavits containing the bailiffs alleged statement before both state evidentiary hearings. Prewitt had the means to raise her claim in either of the state proceedings. Her counsel’s failure to develop the claim will not excuse the procedural default. Coleman, — U.S. at —, 111 S.Ct. at 2566 (because there is no constitutional right to counsel in state post-conviction proceedings, federal habeas petitioner cannot claim ineffective assistance in those proceedings); Jones v. Lockhart, 977 F.2d 444 (8th Cir.1992) (failure to make legal argument that was available and well grounded in principle does not amount to cause).
In order to fall within the narrow “miscarriage of justice” exception to the cause and prejudice standard, Prewitt would have to demonstrate “actual as compared to legal innocence.” Sawyer v. Whitley, — U.S. —, —, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). In light of the evidence against Prewitt, we find that this is not “an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.”[3] Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).
Accordingly, the district court did not err in finding that the bailiff’s remarks did not violate Prewitt’s constitutional rights.
B. State Suppression of Evidence
Prewitt next argues that she was denied a fair trial because after her attorney made a specific request for discovery, the state withheld the identity of a witness who had seen a strange car in the area on the night of the murder. The witness testified at the hearing on Prewitt’s motion for a new trial that she told the sheriff about the strange car a few days after the murder. The sheriff testified that he did not recall speaking with the witness.
Suppression by the state of evidence favorable to an accused after a request for discovery violates due process where the evidence is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). A successful Brady claim requires three findings: “(1) the prosecution suppressed the evidence, (2) the evidence was favorable to the accused, and (3) the evidence was material to the issue of guilt.” United States v. Thomas, 940 F.2d 391, 392 (8th Cir.1991). For purposes of the third finding, “ ‘material’ means that there exists a reasonable probability that had the evidence been disclosed to the defense, the result would have been different.” Id.
Prewitt’s claim does not meet the first or third elements of a successful Bra *1079 dy claim. As the district court noted, in reaching its decision the state court necessarily resolved the factual issue of whether the witness actually spoke with the sheriff or not in favor of the state. Prewitt v. Goeke, No. 90-0339-CV-W-9 Order at 23, 1991 WL 220273 (W.D.Mo. Aug. 19, 1991). The district court properly relied under 28 U.S.C. § 2254(d) on the state court factual finding that the witness did not speak with the sheriff. Thus, the state did not have the information that Prewitt requested and did not suppress the alleged statement. After a thorough review of the record the district court also found that the witness’ alleged statement was not material to the issue of guilt. We agree. Accordingly, Prewitt’s constitutional rights were not violated by the state’s failure to alert Prewitt to the witness’ alleged statement.
C. Ineffective Assistance Of Counsel
Prewitt’s final argument is that her trial counsel was constitutionally ineffective. The state used two forensic pathologists to examine the physical evidence in this case. Prewitt contends that her counsel should have utilized a third pathologist for rebuttal. The district court, relying on the state court’s factual findings under 28 U.S.C. § 2254(d), found that Prewitt did not show the performance of her trial counsel to be deficient, nor did she demonstrate prejudice as a result of her counsel's performance. Prewitt v. Goeke, No. 90-0339-CV-W-9 Order at 34, 1991 WL 220273 (W.D.Mo. Aug. 19, 1991). See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After a careful review of the record, we reach the same conclusion. Accordingly, Prewitt did not receive ineffective assistance of counsel when her trial counsel failed to call a rebuttal pathologist.
III. CONCLUSION
For the reasons discussed above, the judgment of the district court is affirmed.

. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

. Section 2254(d) provides:
In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit — [one of eight exceptions bearing on the accuracy of the state findings].

. In the early morning of February 18, 1984, Prewitt and her husband returned to their rural home after an evening of socializing with friends. Prewitt testified that after she and her husband fell asleep she was awaken by a sound like thunder. Someone pulled her from her bed and tried to rape her. Prewitt stated that after the intruder left she heard her husband making gurgling noises. After seeing blood on her husband, she awakened the children and drove them to a neighbor’s home for help.
The evidence at trial showed that the victim was shot with a .22 caliber repeater rifle which was normally kept unloaded in Prewitt’s bedroom closet behind a chest of drawers. The rifle was found in the Prewitts’ pond in 11 inches of water. A footprint made by Prewitt’s hoot was found on the pond bank and on the pond bottom near the rifle.
Dr. Bridgens, one of two forensic pathologists called by the state, testified that in his opinion the victim was asleep immediately before he was shot twice in the head. The second shot severed the brain stem causing instant death. He also testified that the angle of the second shot indicated that the gun would have been held almost on top of anyone sleeping next to the victim.
Two witnesses testified that Prewitt offered them money to kill her husband. A third testified that Prewitt told him she had considered shooting her husband in his sleep. State v. Prewitt, 714 S.W.2d 544 (Mo.Ct.App.1986).