Martsay BOLDER, Appellant,

v.

Paul DELO, Appellee.

No. 93–1205.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 26, 1993.

Decided Jan. 26, 1993.

Order Denying Petition for Rehearing and Suggestion for Rehearing En Banc Jan. 26, 1993.

Gardiner Blaine Davis, Kansas City, MO, for appellant.

1. Mr. Bolder's second petition was in the form of a motion under Fed.R.Civ.P. 60(b)(6) which is the functional equivalent of a habeas petition.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, MO, for appellee.

Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

This is an appeal from the district court's denial of a third petition [1] for writ of habeas corpus by Martsay Bolder. Mr. Bolder was convicted of capital murder in the death of Theron King and received a sentence of death. An abbreviated summary of Mr. Bolder's federal challenges is set forth in the district court's memorandum and order.

The district court recites the four grounds for habeas relief that Mr. Bolder raises in his third petition. The district court adequately and accurately discusses reasons for denial of the petition and we affirm the order refusing the requested relief. We also affirm the district court's order overruling the emergency motion for stay of execution and for discovery. We adopt the well-reasoned opinion of the district court and discuss three additional matters.

First, Mr. Bolder contends that prior to his trial the "prosecution failed to disclose" medical records in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He states that the records would have shown that Mr. King died as a result of medical malpractice and "not as the result of any stab wound." The district court does not directly discuss the *Brady* claim. It does, however, discuss Missouri law with regard to multiple and intervening causes of death and the application of this Missouri law to the facts of this case as presented to the jury. *State v. Williams,* 652 S.W.2d 102, 111–12 (Mo.1983) (en banc); *State v. Allen,* 710 S.W.2d 912, 917 (Mo.Ct.App.1986).

This court has held that a successful *Brady* claim requires three findings: "(1) the prosecution suppressed the evidence,

*See Bolder v. Armontrout,* 983 F.2d 98 (8th Cir. 1992).

(2) the evidence was favorable to the accused, and (3) the evidence was material to the issue of guilt." *United States v. Thomas,* 940 F.2d 391, 392 (8th Cir.1991). For purposes of the third finding, " 'material' means that there exists a reasonable probability that had the evidence been disclosed to the defense, the result would have been different." *Id.*

There is no indication of the specific facts contained in the medical records of Mr. King that were purportedly suppressed by the prosecution prior to trial. There is also no allegation that the prosecution knew, prior to trial, of the existence of inmate John Rapheld, whose affidavit was submitted with the third petition, let alone that the prosecution was aware of Mr. Rapheld's state of mind presumably arising from supposed hearsay twice removed. There is also no allegation that the prosecution knew that Dr. R.K. Bowers, the prison doctor, or any physician at the University of Missouri–Columbia Medical Center held any state of mind with regard to medical malpractice, if any such state of mind, indeed, existed. Thus, the first element of the *Brady* claim fails.

Giving the allegation of Mr. Bolder and the affidavit of Mr. Rapheld the best evidentiary gloss possible, the second and third elements also fail under analysis. Even if medical malpractice occurred, and there is nothing but conclusory claims asserted in that regard, there is no reasonable probability that the result of the trial would have been different. The medical practice now condemned by Mr. Bolder was administered in the treatment of the severe stab wounds inflicted by Mr. Bolder. The medical records concerning *this* treatment were, as noted by the district court, before the jury. Thus, there is no showing by Mr. Bolder that any medical records or information under the control of the prosecution were withheld or that any records existed that were favorable to Mr. Bolder.

■ Second, the district court discusses the "actual innocence" claim raised by Mr.

Bolder in relation to *Sawyer v. Whitley,* — U.S. ——, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). In *Whitley,* the issue involved eligibility for the "death penalty" as opposed to guilt or innocence of the offense charged, here capital murder. We do not read the third petition as an attack upon the penalty phase of the litigation. The first claim alleges "[a]ctual innocence of *offense* charged." (Emphasis added.) Mr. Bolder then specifically contends, as earlier indicated, that Mr. King died "as a result of medical malpractice" and "not as the result of any stab wound."

It is clear in this circuit that the *Whitley* test is applicable to the issue of guilt or innocence of the underlying charge. *McCoy v. Lockhart,* 969 F.2d 649, 651 (8th Cir.1992). Beyond that, one other case should be discussed. Yesterday, the Supreme Court issued its opinion in *Herrera v. Collins,* — U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (Jan. 25, 1993). *Herrera* points out that Mr. Bolder's claim of actual innocence "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at ——, 113 S.Ct. at 862. Of course, the constitutional claim alleged by Mr. Bolder, is the *Brady* violation.[2] As we have pointed out, the *Brady* issue fails even giving the allegations of Mr. Bolder their best evidentiary gloss. Additionally, as noted by Justice O'Connor in her concurrence in *Herrera,* affidavits such as the one from Mr. Rapheld, coming for the first time at the eleventh hour before the scheduled execution date and over twelve years after Mr. Bolder's state trial, "are to be treated with a fair degree of skepticism." *Id.* at ——, 113 S.Ct. at 872. With no satisfactory explanation as to why an affidavit issued upon double hearsay comes at this late date, our view of its credibility is stretched beyond reasonable limits.

■ Third, the district court also did not address the state's allegation of laches.

2. Mr. Bolder also raises two claims of ineffective assistance of counsel. These allegations are, however, bottomed upon the purported *Brady* violation and, thus, rise or fall on the basis of its validity.

We think that one aspect of this contention merits discussion. From the papers, it does appear that Mr. Bolder and his counsel were aware of Mr. Rapheld's views and this purported "new" evidence well before the Friday, January 22, 1993, filing of the third petition. Indeed, the conclusions advanced by petitioner and his lawyers were almost certainly obvious before the Rule 60(b) litigation and without a doubt known in early January 1993. We agree with the state that the "eleventh hour" tactic used by counsel in this matter is not consistent with a search for truth and justice.

We affirm the denial of the writ; the overruling of the motion for stay of execution and the motion for discovery. We also overrule the separate emergency motion for stay of execution presented to this court with the appeal.

LAY, Senior Circuit Judge, dissenting.

I would grant the stay in order to allow this court to more fully explore the claims involved. Although this is a new motion to stay, it is made in good faith and with sufficient grounds that allege exculpatory material had been withheld by the state. The claim relates directly to the issue of "actual innocence" of the death penalty itself. Mr. Bolder asserts by an affidavit of a medical assistant that surgical procedures constituting malpractice by prison physicians were the direct cause of death. There is no question that petitioner's conduct was a contributive probable cause of the death, and as such, Mr. Bolder cannot claim actual innocence of liability. The district court so found. However, if Mr. Bolder's allegations are true and the jury was prevented from having knowledge that a prison doctor's faulty surgical procedure actually caused the death, then I believe that Mr. Bolder has established actual innocence as relates to the death penalty itself. Under such circumstance I think the claim would meet the test of *Sawyer v. Whitley,* — U.S. ——, 112 S.Ct. 2514, 2525, 120 L.Ed.2d 269 (1992), which states actual innocence of the death penalty is established when "no reasonable juror would have found the petitioner eligible for the death penalty under" applicable state law.

## ORDER DENYING PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Jan. 26, 1993.

Appellant's petition for rehearing by the panel is denied. Judge Lay would grant the petition and issue a stay of execution.

Appellant's suggestion for rehearing en banc, supplemental suggestion and emergency motion for stay of execution of a sentence of death are also denied.

It is so ordered.

JOHN R. GIBSON, Circuit Judge, joined by RICHARD S. ARNOLD, Chief Judge, THEODORE McMILLIAN, Circuit Judge and DAVID R. HANSEN, Circuit Judge, dissenting from denial of rehearing en banc and stay of execution.

I would grant rehearing en banc and stay the execution. The district court denied petitioner's third petition for writ of habeas corpus on January 25, 1993, and issued a certificate of probable cause on January 26, 1993. Under *Barefoot v. Estelle,* 463 U.S. 880, 893–95, 103 S.Ct. 3383, 3394–95, 77 L.Ed.2d 1090, when the certificate is issued the petitioner must be afforded an opportunity to address the merits. This court's panel opinion was issued today, January 26. The Supreme Court opinion in *Herrera v. Collins,* — U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203, was issued on January 25, 1993. It may be that *Herrera* compels denial of Bolder's petition, but I believe that with the issuance of the certificate and the brief time span involved, a fuller opportunity should be given to develop the issues on appeal. I would expedite rehearing en banc in order to do so.